IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

---

UNITED STATES OF AMERICA,            )
                                     )
                   Plaintiff,        )
                                     )
vs.                                  )   CRIM. NO. 2014-54
                                     )
                                     )
SHERRYMAE MORALES,                   )
                                     )
                   Defendant.        )
_____)

REPORTER'S TRANSCRIPT

DAY THREE

JURY TRIAL

Wednesday, July 1, 2015

---

BEFORE:      THE HONORABLE CURTIS V. GOMEZ
             District Judge

APPEARANCES:  OFFICE OF THE UNITED STATES ATTORNEY
              BY: EVERARD POTTER, AUSA
              5500 Veterans Drive Suite 260
              St. Thomas, Virgin Islands 00802

                  For the Government

              OFFICE OF THE FEDERAL PUBLIC DEFENDER
              BY: OMODARE B. JUPITER, FPD
              1115 Strand Street, Suite 201
              Christiansted, VI 00820-5073

                  For Defendant

                  ---

COURT REPORTER:   CHANDRA R. KEAN, RMR
                  Official Court Reporter
                  Virgin Islands District Court
                  St. Thomas, Virgin Islands

1                              INDEX

2


3        FURTHER JURY INSTRUCTIONS BY THE COURT          4

4        JURY QUESTIONS                                  23

5        JURY VERDICT                                    33

6        FURTHER PROCEEDINGS                             41

7

8              (Court recessed)


9                              ---

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
1                          PROCEEDINGS

2

3              (Court called to order at 8:21 a.m. in USA v
08:21:47   4   Morales.)
08:21:48   5         (Jury present.)
08:21:54   6           THE COURT:  Good morning, ladies and gentlemen.
08:21:54   7   I hope you had a pleasant evening.
08:21:57   8        We are in the final stages.  There are just a few
08:22:02   9   final instructions I need to give you before you begin
08:22:04  10   your deliberations.
08:22:05  11        Before I do that, though, let me tell you what
08:22:09  12   you'll have with you when you're deliberating.
08:22:11  13        You will have a copy of the jury instructions.
08:22:14  14        You will have all the items that have been admitted
08:22:18  15   into evidence.  You'll have it by way of electronic
08:22:21  16   retrieval -- there's a monitor in there and you'll
08:22:28  17   figure out how to use it.  But you'll be able to see all
08:22:32  18   the exhibits.
08:22:32  19        And you'll also have a copy of the indictment.
08:22:35  20        And you'll have another form that we refer to as
08:22:37  21   the verdict form, so you can indicate what your vote is.
08:22:42  22   All right.
08:22:43  23        So let me give you your final instruction and then
08:22:46  24   you can begin the process.
08:22:46  25
```

FURTHER JURY INSTRUCTIONS BY THE COURT

THE COURT:  The indictment charges that the crimes charged occurred on or about certain dates.

The proof need not establish with certainty the exact dates of the alleged offenses.  It's sufficient if the evidence in this case establishes beyond a reasonable doubt that the offense was committed on dates reasonably near the date alleged.

During the course of this trial you've seen counsel both for the government and for the defense make various objections to questions asked and evidence offered.

It is not only the right, it is the duty of counsel for either the government or for the defense to object when counsel believes evidence or testimony being offered is not admissible under the Rules of Evidence. Then I rule on the objection.

Do not be influenced in any way by my rulings, whether in favor of or against the government or the defendant.  As I've already told you, these rulings involve questions of law only, and may not be given any consideration by you in your deliberations.

In performing my constitutional role to preside over this trial, I sometimes found it necessary to ask a question or two of witnesses, to clarify testimony I thought was unclear.

08:23:50  1          If I have asked any question to any witnesses

08:23:53  2   during the course of this trial, or if I've said or done

08:23:56  3   anything during the trial, or in the course and manner

08:23:58  4   of instructing you now, where it seems to you that I'm

08:24:01  5   inclined to favor the case of the government or the case

08:24:04  6   of the defendant, you must remove any such impression

08:24:06  7   from your minds and not be influenced by it, as no such

08:24:10  8   impression was intended.

08:24:12  9          You've seen counsel consult with each other and

08:24:15  10  sometimes between each other.  Attorneys have an

08:24:18  11  obligation to consult with each other if such

08:24:20  12  consultation is in the best interest of the attorney's

08:24:23  13  client.

08:24:24  14         Counsel also have a right and duty to ask me to

08:24:26  15  make rulings of law and to request conferences at

08:24:29  16  sidebar out of the hearing of the jury.  All those

08:24:32  17  questions of law must be decided by me, the Court.

08:24:34  18         You should not show any prejudice against an

08:24:37  19  attorney or the attorney's client because the attorney

08:24:39  20  asked for a conference out of the hearing of the jury or

08:24:42  21  asked the Court for a ruling on the law.

08:24:44  22         All of these conferences deal with legal questions

08:24:47  23  on which I have ruled, and do not concern your function

08:24:50  24  as jurors.  Do not speculate on such matters during your

08:24:53  25  deliberations.

| | | |
|---|---|---|
| 08:24:54 | 1 | You've been chosen and sworn as jurors in this case |
| 08:24:57 | 2 | to try the issues of fact presented by the defendant's |
| 08:25:00 | 3 | plea of not guilty to the charges in the indictment. |
| 08:25:04 | 4 | You are to perform this duty without bias, sympathy |
| 08:25:08 | 5 | or prejudice.  Under no circumstances, then, may your |
| 08:25:10 | 6 | deliberations be affected or diverted by any appeals to |
| 08:25:14 | 7 | bias, passion or prejudice, nor influenced by any pity |
| 08:25:18 | 8 | or sympathy for either side. |
| 08:25:20 | 9 | In every respect your judgment must be considered, |
| 08:25:24 | 10 | deliberate and objective.  It must derive its force and |
| 08:25:28 | 11 | validity from the facts and inferences reasonably and |
| 08:25:30 | 12 | logically supported by the testimony. |
| 08:25:32 | 13 | Both the government and the defendant expect that |
| 08:25:34 | 14 | you will carefully and impartially consider all of the |
| 08:25:37 | 15 | evidence, follow the law as stated by the Court, and |
| 08:25:39 | 16 | reach a just verdict regardless of the consequences. |
| 08:25:42 | 17 | I need not impress upon you that it is your duty to |
| 08:25:45 | 18 | give an absolutely fair and impartial verdict. |
| 08:25:48 | 19 | It was said that this is an important case.  That |
| 08:25:51 | 20 | is true.  Every case that comes into this court is |
| 08:25:53 | 21 | important. |
| 08:25:54 | 22 | This case is of equal importance to the government |
| 08:25:56 | 23 | and to the defendant.  Each is entitled to your fairest |
| 08:26:00 | 24 | consideration, your closest judgment and your impartial |
| 08:26:03 | 25 | decision. |

08:26:04  1          Jurors perform a very important function in

08:26:06  2     deciding upon their verdict.  You are an arm of this

08:26:09  3     Court, here to do justice.  That is sacred.  Do your

08:26:13  4     duty conscientiously, according to your oath and

08:26:16  5     according to these instructions, and justice will be

08:26:19  6     done.

08:26:20  7          You were accepted as jurors based on your answers

08:26:22  8     when you were initially questioned about your

08:26:25  9     qualifications.  The answers you then made to questions

08:26:28  10    with respect to your competency, qualifications,

08:26:30  11    fairness, lack of prejudice and freedom from sympathy

08:26:33  12    are as binding upon you now as they were then, and

08:26:36  13    should remain so until you are finally discharged from

08:26:39  14    further consideration of this case.

08:26:42  15         Remember at all times you are not partisans.  You

08:26:45  16    are judges, judges of the facts.  Your sole interest is

08:26:48  17    to search for and to ascertain the truth from the

08:26:50  18    evidence in this case.

08:26:51  19         You will recall earlier in these instructions I

08:26:55  20    charged that under our system of criminal justice the

08:26:57  21    Court and this jury have distinct functions.  What

08:27:01  22    sentence or punishment, if any, the defendant will

08:27:03  23    receive if found guilty is entirely beyond the province

08:27:06  24    of the jury.  In plain words, that is the business of

08:27:08  25    this Court.

08:27:10  1          Sentence or punishment should never be considered

08:27:12  2     by a jury in any way in arriving at an impartial

08:27:16  3     verdict.  Your sole duty is to determine the guilt or

08:27:18  4     lack of guilt of the defendant presently on trial before

08:27:21  5     you.

08:27:22  6          You are further instructed if any of you has

08:27:26  7     developed any opinion in this case, predicated in whole

08:27:28  8     or in part from sources seen or heard outside of this

08:27:32  9     court, you are to put such opinion out of your mind.

08:27:36  10         I want to stress in the strongest possible terms

08:27:38  11    that regardless of what counsel has said in recalling

08:27:41  12    the facts of this case, it is your recollection of the

08:27:43  13    facts that should guide you in carrying out your

08:27:45  14    function as jurors of the facts.

08:27:49  15         If any of the attorneys stated a version of the

08:27:51  16    facts that does not square with your own recollections,

08:27:53  17    you are to disregard that version in favor of your own

08:27:57  18    recollections.

08:27:58  19         In arriving your verdict you are to consider all

08:28:00  20    the evidence as you recall it, and you are to give that

08:28:03  21    evidence the weight that you believe it is entitled to

08:28:05  22    receive.

08:28:07  23         During the course of this trial you have no doubt

08:28:09  24    received definite impressions on how you think it should

08:28:11  25    be decided.  Do not allow these impressions to become so

08:28:15  1    firmly fixed that they prevent you from fairly and

08:28:17  2    frankly discussing this case with any of your fellow

08:28:19  3    jurors who may have a different point of view.

08:28:24  4        It is your duty as jurors to give careful attention

08:28:27  5    and consideration to the views of your fellow jurors, to

08:28:30  6    consult with one another and to deliberate with a view

08:28:33  7    toward reaching an agreement, if you can do so without

08:28:35  8    doing violence to your individual judgment.

08:28:37  9        Each of you must decide the case for yourself, but

08:28:40  10   do not -- but do so only after an impartial

08:28:44  11   consideration of the evidence with your fellow jurors.

08:28:48  12       In the course of your deliberations, do not

08:28:50  13   hesitate to take a look at your own views and to change

08:28:52  14   your opinion if you become convinced it is wrong.  But

08:28:55  15   do not give up your honest conviction or belief without

08:28:57  16   the weight -- let me read that again.

08:29:01  17       Do not give up your honest conviction or belief

08:29:04  18   about the weight or effect of the evidence solely

08:29:06  19   because of the opinion of your fellow jurors, or just so

08:29:09  20   you can return a verdict.

08:29:10  21       When you retire to the jury room to deliberate,

08:29:13  22   your first order of business is to elect a foreperson.

08:29:16  23       The foreperson will preside over your deliberations

08:29:18  24   and will speak for you here in court.

08:29:21  25       That person has no greater weight of opinion than

08:29:23  1    anyone else.

08:29:25  2         If it becomes necessary during your deliberations

08:29:27  3    to communicate with me, you may send a note by the court

08:29:30  4    security officer or marshal.

08:29:32  5         Never try to communicate with me by any means other

08:29:36  6    than by a signed, sealed writing.

08:29:38  7         And bear in mind you are not to reveal to the Court

08:29:41  8    or to any person how you stand, numerically or

08:29:44  9    otherwise, until you've reached a unanimous verdict.

08:29:50  10        And in communicating with the Court, you do not

08:29:53  11   communicate with anyone else, any deputy or any marshal

08:29:59  12   or any court security officer, about your verdict.

08:30:02  13        The only communication that you can have with those

08:30:04  14   people is to let them know you need to communicate with

08:30:07  15   me, the Court.  And then you'll communicate with me

08:30:10  16   through a signed, sealed writing.

08:30:13  17        Now a word about your verdict.  Your verdict must

08:30:15  18   represent the considered judgment of each juror, and all

08:30:18  19   jurors must agree on the verdict before you return a

08:30:21  20   verdict.  Your verdict must be unanimous.

08:30:24  21        To aid and assist you in the discharge of your

08:30:26  22   obligation, there has been prepared, with the consent of

08:30:28  23   counsel, a verdict form which you are to answer

08:30:31  24   unanimously, thereby facilitating your task and that of

08:30:35  25   the Court in determining the proper verdict to be

08:30:37  1    entered.

08:30:38  2         As I've discussed before, you will be making a

08:30:40  3    determination of guilty or not guilty on each crime with

08:30:42  4    which the defendant is charged.

08:30:45  5         As you will see when I give you the verdict form,

08:30:47  6    it has a space listed for the charge.  Within the space

08:30:50  7    you'll note that there's a space provided for guilty or

08:30:54  8    not guilty.

08:30:54  9         When you've made a unanimous determination of the

08:30:57  10   guilt or innocence of the defendant with respect to a

08:30:59  11   particular charge, you will make an "X" mark in the

08:31:01  12   appropriate space, indicating either guilty or not

08:31:04  13   guilty.

08:31:04  14        Nothing that has been said in these instructions or

08:31:06  15   in the form of verdict is to suggest or convey in any

08:31:10  16   way or manner what verdict I think you should find.

08:31:15  17        You will take the form with you, and when you have

08:31:16  18   unanimously made a determination the foreperson should

08:31:20  19   date it, sign it and then pass it to each of you to

08:31:23  20   sign.  Then it should be sealed.

08:31:24  21        Then you should advise the marshal or deputy that

08:31:29  22   you wish to be returned to the courtroom.  And upon your

08:31:32  23   return to the courtroom, the foreperson should bring the

08:31:35  24   verdict form.

08:31:35  25        I'll then ask if you've reached a verdict and, if

08:31:39  1    so, will ask the foreperson to announce the jury's

08:31:42  2    verdict.  Your foreperson will then respond by using the

08:31:45  3    completed verdict form supplied to you and read that

08:31:48  4    form to have the verdict recorded.

08:31:53  5        All right.  It's now time to begin your

08:31:54  6    deliberations.  As I said, you will have the evidence,

08:31:58  7    the instructions and the indictment with you.

08:32:07  8        Under our system of justice, only twelve jurors may

08:32:12  9    deliberate.  So there are two alternates.  The two

08:32:14  10   alternates will be separated for deliberation purposes.

08:32:16  11   The alternates are not excused, though.  They will just

08:32:19  12   be separated during deliberations.  In the event there

08:32:23  13   is need for an alternate, then we'll call you and begin

08:32:26  14   deliberations again with the alternate who may be subbed

08:32:31  15   in, if necessary.

08:32:32  16       All right.  With that, it's time to begin your

08:32:35  17   deliberations.

08:33:48  18       (Jury out for deliberations.)

08:33:52  19       THE COURT:  I don't think I had an opportunity.

08:33:56  20   Good morning, Counsel.

08:33:58  21       MR. JUPITER:  Good morning, Your Honor.

08:33:59  22       MR. POTTER:  Good morning, Your Honor.

08:34:00  23       THE COURT:  All right.  The seven-minute rule

08:34:02  24   is in place.  Just make sure you get to the courtroom in

08:34:05  25   seven minutes, so if there's a note we can address it

| | | |
|---|---|---|
| 08:34:08 | 1 | promptly.  We won't keep the jury waiting. |
| 08:34:11 | 2 | MR. JUPITER:  I would ask -- |
| 08:34:11 | 3 | THE COURT:  Objections -- |
| 08:34:12 | 4 | MR. JUPITER:  Your Honor, we are about |
| 08:34:14 | 5 | seven minutes away.  Could we get ten minutes? |
| 08:34:16 | 6 | THE COURT:  You want to change the seven-minute |
| 08:34:19 | 7 | rule to a ten-minute rule; is that what you're asking? |
| 08:34:21 | 8 | MR. JUPITER:  Well, I asked the chief judge to |
| 08:34:25 | 9 | do it and -- because we're not in the court, we're not |
| 08:34:28 | 10 | in this court. |
| 08:34:29 | 11 | THE COURT:  All right.  We'll consider it. |
| 08:34:31 | 12 | Any objections with respect to the jury |
| 08:34:37 | 13 | instructions from the government? |
| 08:34:39 | 14 | MR. POTTER:  No objections, Your Honor. |
| 08:34:40 | 15 | THE COURT:  Attorney Jupiter? |
| 08:34:41 | 16 | MR. JUPITER:  Yes, Your Honor. |
| 08:34:43 | 17 | THE COURT:  Okay.  Go ahead.  You'll note that |
| 08:34:48 | 18 | there were some changes that were made with respect to |
| 08:34:51 | 19 | some of the concerns you raised during the charging |
| 08:34:55 | 20 | conference. |
| 08:34:56 | 21 | MR. JUPITER:  Yes.  And I couldn't -- my |
| 08:35:00 | 22 | Internet is out, so I couldn't log in this morning when |
| 08:35:03 | 23 | I went to the office to try to print them out.  So I may |
| 08:35:06 | 24 | be mistaken, because I had the version that was not -- |
| 08:35:13 | 25 | THE COURT:  Speak into the microphone.  For |

08:35:15  1   some reason, your microphone is not --

08:35:20  2          MR. JUPITER:  It's not on.

08:35:21  3          THE COURT:  Maybe -- do you have one of the

08:35:23  4   wireless?

08:35:23  5          MR. JUPITER:  Okay.  Test.

08:35:33  6      Okay, Your Honor, the -- with respect to the jury

08:35:39  7   instruction on mental state and specific intent -- and

08:35:46  8   this is on the page 11 of the unrevised -- unrevised

08:35:53  9   version of the original version -- the Court instructed,

08:36:02  10  I believe instructed the jury that while -- in the

08:36:13  11  middle paragraph it talks about:

08:36:16  12          State of mind or knowledge ordinarily may

08:36:18  13          only be proved indirectly, that is, by

08:36:21  14          circumstantial evidence, because there's no

08:36:24  15          way we can get inside to observe the

08:36:27  16          operations of the human mind.

08:36:28  17          While witnesses may be able to give

08:36:30  18          direct evidence of what the defendant said or

08:36:32  19          did or failed to say or do, there could be no

08:36:35  20          eyewitness account of the state of a person's

08:36:38  21          mind at the time an act was done.  But what a

08:36:43  22          witness does, says, or fails to say or do may

08:36:46  23          indicate the state of mind in which the person

08:36:49  24          did the act.

08:36:51  25      So I would ask -- I would have -- my objection is

08:36:55  1    that that includes "fails to do" -- "fails to say or

08:37:01  2    do," which I believe goes to omissions, because the

08:37:04  3    government did not charge material omission by this

08:37:09  4    crime being in the indictment, these crimes being done

08:37:13  5    by omission.

08:37:14  6        I would object to those, that instruction with

08:37:18  7    regard to the language included about what they failed

08:37:22  8    to do or failed to say.

08:37:24  9            THE COURT:  All right.

08:37:24  10       The Court considered the objection and found the

08:37:28  11   instruction to be appropriate under the circumstances.

08:37:31  12   While the government may not have put every specific

08:37:37  13   manner by which they might prove the crime, once the

08:37:41  14   crime is alleged, the crime can be committed and a jury

08:37:46  15   could find by permissible inferences from circumstantial

08:37:49  16   evidence or direct evidence that the defendant committed

08:37:55  17   the offense.

08:37:56  18       And the instruction captures that, what a jury is

08:38:02  19   permitted to do, and that is consider circumstantial

08:38:07  20   evidence as well as direct evidence, and give equal

08:38:10  21   weight to both; and also captures the notion that a

08:38:16  22   crime may be committed, not just by direct acts but by

08:38:21  23   acts of omission as well.  And the Court finds that the

08:38:28  24   instruction was appropriate.

08:38:29  25       Go ahead, your next one.

08:38:30   1           MR. JUPITER:  My next one goes to determining

08:38:32   2      the value of the property, which was on page 17 of the

08:38:35   3      unrevised version.

08:38:38   4           I objected to this in the jury conference -- well,

08:38:43   5      I asked the Court to actually give an additional

08:38:51   6      instruction.

08:38:51   7           And the Court indicated that during the jury charge

08:38:56   8      it would allow counsel to make its objection with regard

08:38:59   9      to the instruction we were seeking.

08:39:02  10           But this goes to bona fide salary exception.  And

08:39:08  11      we would ask that this would have been, the way it is

08:39:15  12      stated as it was given, the first sentence saying:

08:39:19  13                The value of the property stolen,

08:39:20  14                embezzled, obtained by fraud or knowingly

08:39:22  15                converted by the defendant, does not include

08:39:24  16                legitimate salary, wages, fees or other

08:39:27  17                compensation paid, or expenses paid or

08:39:30  18                reimbursed in the ordinary course of business.

08:39:33  19           And then it goes on to say:

08:39:34  20                If you find the defendant devised a

08:39:37  21                scheme or plan to take sums of money or

08:39:39  22                property --

08:39:40  23           THE COURT:  That's not what was instructed and

08:39:42  24      that is not what we'll give them.  What the Court did

08:39:46  25      was put a list that matched the first sentence, as we

08:39:48  1    discussed in our charging conference.

08:39:49  2         So the second sentence, I believe, reads, "If you

08:39:52  3    find that the defendant devised a scheme or plan to" --

08:39:55  4    and then we listed "illicit conduct, steal, embezzle,

08:39:59  5    obtain by fraud, or knowingly convert money or

08:40:04  6    property."

08:40:05  7         So it listed conduct in a serial fashion that was

08:40:12  8    consistent with the first sentence.

08:40:13  9         Go ahead.

08:40:14  10        MR. JUPITER:  Yes, Your Honor.  And I apologize

08:40:16  11   for that.  I, like I said, I don't have the printed

08:40:22  12   version.  I wanted to get it this morning.

08:40:24  13        But at any rate, Your Honor, I wanted the -- I

08:40:27  14   think either way you list it, it makes it appear that if

08:40:39  15   you -- that salary could be included in this amount, if

08:40:45  16   you find that the defendant devised a scheme.  And it

08:40:51  17   doesn't indicate to the jury that if salary, legitimate

08:40:58  18   salary, wages, fees or other compensation paid is used

08:41:05  19   for the government to meet its threshold burden to prove

08:41:10  20   that the amount stolen or obtained by fraud was at least

08:41:16  21   $5,000, then the jury would have to find the defendant

08:41:19  22   not guilty.

08:41:22  23        I beg of the Court's indulgence.  I have a case.

08:41:22  24        (Pause)

08:41:36  25        We cite to the Sixth Circuit case of United States

08:41:42  1    versus Mills, which I believe is very much on point.

08:41:47  2    This is a case where the bona fide salary exception was

08:41:54  3    applied.  And even though the Court found that these

08:42:02  4    were deputies who were hired, and the issue in the case

08:42:08  5    was whether they were hired by bribes.  And there were

08:42:16  6    bribes used in, that were not in excess of $5,000,

08:42:21  7    kickbacks to get their jobs.

08:42:24  8        But the amount that the government was trying to

08:42:29  9    use as part of the threshold included the salaries that

08:42:35  10   they got in the ordinary course of business.

08:42:38  11       And that's exactly the case here.  So we would have

08:42:42  12   asked that the jury would have been instructed that if

08:42:47  13   they found that the amount in controversy was part of

08:42:52  14   the $5,000 threshold, it was part -- that it was

08:42:59  15   Ms. Morales's salary from the Virgin Islands National

08:43:05  16   Guard, that the jury would have to find the defendant

08:43:07  17   not guilty.

08:43:09  18       And the other thing I would ask for is with regard

08:43:14  19   to the fifth element:

08:43:15  20            As stated earlier, the government must

08:43:17  21       prove beyond a reasonable doubt that the value

08:43:19  22       of the property stolen, embezzled or obtained

08:43:23  23       by fraud was at least $5,000.

08:43:25  24            This amount does not include legitimate

08:43:28  25       salary, wages, fees, or other compensation

08:43:31  1                    paid, or expenses paid, expenses paid or

08:43:35  2                    reimbursed in the ordinary course of business.

08:43:38  3                        If you find that the government has not

08:43:45  4                    proven beyond a reasonable doubt that the

08:43:49  5                    amount stolen was -- that part of the amount

08:44:02  6                    stolen in excess -- over, over $5,000, was in

08:44:15  7                    part of the salary wages or fees paid in

08:44:18  8                    compensation, that you must find the defendant

08:44:20  9                    not guilty.

08:44:22  10        THE COURT:  All right.  With respect to that

08:44:26  11   suggestion, the Court considered the defense's

08:44:31  12   suggestion and finds that the instruction is appropriate

08:44:34  13   and adequate.

08:44:35  14       In fact, the instruction must be read together with

08:44:42  15   the -- that is, the instruction that outlines how you

08:44:46  16   determine value of property has to be read together with

08:44:49  17   the elements that have to be proved by the government.

08:44:51  18       The fifth element, that the value of the property

08:44:55  19   stolen has to exceed $5,000, the explanation that

08:44:59  20   follows instructs the jury on how you determine the

08:45:02  21   value of the property stolen.

08:45:04  22       And in that first sentence it specifically says:

08:45:05  23                    The value of the property stolen does not

08:45:08  24                    include legitimate salary, wages, fees or

08:45:12  25                    other compensation paid or expenses paid or

08:45:14  1          reimbursed in the ordinary course of business.

08:45:17  2          Case law, I think, supports the view that a jury is

08:45:21  3     presumed to follow the instruction of the Court.  And

08:45:24  4     they were specifically told:  When you're looking at the

08:45:27  5     value of stolen property, do not include legitimate

08:45:31  6     salary, wages, fees or other compensation paid.

08:45:36  7          So the Court sees that the argument is more a proof

08:45:40  8     issue, and if the jury is persuaded the burden was met

08:45:44  9     by the government, then I suspect they will rule

08:45:48  10    accordingly.

08:45:48  11         If they don't, then they will accept the view of

08:45:55  12    defense, that the legitimate salary diminished the

08:46:00  13    stolen property, to the extent there was any stolen

08:46:02  14    property, that was proved to be an amount below $5,000.

08:46:07  15         Okay.  What's your next one?

08:46:10  16         MR. JUPITER:  Your Honor, with regard to the

08:46:12  17    Counts 3 through 36, the wire fraud counts, I know that

08:46:21  18    the Court revised this section and at least put "Virgin

08:46:26  19    Islands National Guard" in one of the elements.

08:46:29  20         However, I thought because of all of the testimony,

08:46:34  21    as well as even exhibits that included payments from the

08:46:43  22    Military Service Corporation in this case, as well as

08:46:47  23    the allegations with regard to improper payments on

08:46:52  24    those, on that end, that it needed to be clearly pointed

08:46:58  25    out to the jury that this was not a -- these were not to

08:47:04  1    be considered in terms of whether or not she committed

08:47:08  2    wire fraud, that she was only being charged with

08:47:14  3    defrauding the Virgin Islands National Guard.

08:47:16  4        And I know the Court, I believe, put that in one --

08:47:21  5    once, but I would ask that the Court would instruct the

08:47:23  6    jury, because this evidence came in regarding payments

08:47:28  7    made by the Military Personnel Services Corporation,

08:47:34  8    that the jury could find, for instance, that there was

08:47:38  9    fraud committed against Military Personnel

08:47:45  10   Compensation -- Personnel Services Corporation, and find

08:47:45  11   that she did not defraud the Virgin Islands National

08:47:52  12   Guard.

08:47:52  13       So I would ask, I would ask for an instruction that

08:47:57  14   the Court would delineate, well, two alternatives.  One,

08:48:02  15   my preference would be that the Court would instruct the

08:48:04  16   jury that they are not to consider the payments made to

08:48:16  17   the conduct and transmissions paid to the Military

08:48:21  18   Personnel Services, by Military Personnel Services

08:48:25  19   Corporation to Ms. Morales, in determining whether or

08:48:31  20   not she committed wire fraud.

08:48:33  21       The other alternative would be that the Court would

08:48:39  22   have, would emphasize more exclusion at the beginning

08:48:44  23   and through the elements that it was an intent to

08:48:48  24   defraud the Virgin Islands National Guard only.

08:48:53  25       So I would have asked that the Court would instruct

08:48:55   1    the jury on that specifically, that this specifically

08:49:03   2    relates to the payments made from the Virgin Islands

08:49:05   3    National Guard, and a scheme to defraud the Virgin

08:49:08   4    Islands National Guard.

08:49:11   5          THE COURT:  All right.  With respect to that

08:49:13   6    issue raised by defense during the charging conference,

08:49:16   7    the Court addressed that.

08:49:20   8          Though the Court is not necessarily persuaded that

08:49:23   9    it was necessary to change the instruction, in an

08:49:29   10   abundance of caution the Court did, and in the first

08:49:34   11   element the Court said:  The defendant devised a scheme

08:49:38   12   to defraud, and did say the National -- Virgin Islands

08:49:40   13   National Guard.  If the jury doesn't find there was a

08:49:42   14   scheme to defraud the National Guard, then the

08:49:44   15   instruction says that the government would have been

08:49:47   16   deficient in its proof, and that the jury has to find

08:49:51   17   the defendant not guilty.

08:49:53   18         Since the Court's instruction on that point must be

08:49:56   19   read in conjunction with every other instruction,

08:50:00   20   significantly the instruction that says the jury needs

08:50:03   21   to read these instructions together, if they didn't find

08:50:08   22   the first element, then the obligation would be to find

08:50:13   23   the defendant not guilty.

08:50:15   24         Repeating the term "Virgin Islands National Guard,"

08:50:18   25   the Court didn't find that that was necessary in the

08:50:21  1    second or the third element for Counts 3 through 36.  So

08:50:36  2    I thought that was appropriate.

08:50:38  3         Anything else?

08:50:39  4              MR. JUPITER:  Nothing else with respect to jury

08:50:41  5    instructions, Your Honor.

08:50:42  6              THE COURT:  All right.  Thank you.

08:50:42  7         All right, Counsel, we will have the rule in place.

08:50:55  8         I don't think the U.S. attorney is in this building

08:50:58  9    either, Attorney Jupiter?

08:50:59  10             MR. JUPITER:  Correct, Your Honor.

08:51:01  11             THE COURT:  I think in St. Thomas the Public

08:51:03  12   Defender is not in the building, either.

08:51:05  13             MR. JUPITER:  We're right down the street, Your

08:51:07  14   Honor.  Your Honor, we'll be here in seven minutes.

08:51:11  15             THE COURT:  We'll make it an eight, a nine -- a

08:51:14  16   ten-minute rule today.  That means be here within

08:51:17  17   ten minutes of a call from Mrs. Brann.

08:51:19  18        Make sure Mrs. Brann has all your contact

08:51:22  19   information.

08:51:22  20             MR. JUPITER:  Thank you.

08:51:22  21             THE COURT:  All right.  Thank you, Counsel.

08:51:37  22        (Court in recess, 8:51 a.m.)

08:51:37  23        (On the record in chambers as follows:)

09:48:56  24                        JURY QUESTIONS

09:48:56  25             THE COURT:  Good morning.  We're on the record.

We're in chambers.

I received a note from the jury.  There was some indication that they have an issue with one of the jurors's ability to comprehend the English language.

They reduced their concern to a writing.  And the jury note, there's a grave concern from Juror Number 4, as well as the other jurors, with regard to her inability to comprehend what is being said and from fully deliberating on the matter accurately.  It is her request as well as the other jurors to have her switched with one of the alternate jurors.

My inclination is to voir dire Juror Number 4, find out what her facility is with the language, and if there is some problem then perhaps switch.

What's the government's position on that approach?

MR. POTTER:  I think it's appropriate, Judge.

THE COURT:  Attorney Jupiter?

MR. JUPITER:  Well, Your Honor, wasn't she questioned about this beforehand?

Wasn't this issue brought forth?

I thought that that was resolved.

THE COURT:  What issue?

MR. JUPITER:  In terms of her ability to speak English.

THE COURT:  When was that brought up?

09:48:56   1          MR. JUPITER:  I don't think it was brought up,

09:48:56   2   but I did -- I guess, I thought the Court's staff was

09:48:56   3   made aware of it and I thought it was something that was

09:48:56   4   resolved.

09:48:56   5          THE COURT:  Did someone on the Court staff tell

09:48:56   6   you that something had come up?

09:48:56   7          MR. JUPITER:  No, Your Honor.  I just had seen

09:48:56   8   someone, I guess, speaking with her and Mrs. Brann.  I

09:48:56   9   thought that issue was resolved.

09:48:56  10          THE COURT:  Oh, you saw this juror speaking

09:48:56  11   with Mrs. Brann?

09:48:56  12          MR. JUPITER:  And another juror seemed to be

09:48:56  13   communicating through her.  So I thought that that issue

09:48:56  14   was resolved.

09:48:56  15          THE COURT:  Okay.  And the issue, and you're

09:48:56  16   saying that this issue was discussed by the juror and

09:48:56  17   Mrs. Brann and someone else?

09:48:56  18          MR. JUPITER:  That's what I surmised, Your

09:48:56  19   Honor.  I wasn't privy to the conversation, but when I

09:48:56  20   saw, I guess I thought that issue was resolved.

09:48:56  21          THE COURT:  I see.

09:48:56  22       All right.  Well, the issue, it seems, whatever the

09:48:56  23   issue is that this note focuses on, is one that's before

09:48:56  24   me with this note now, and the question is, what do we

09:48:56  25   do with it.

09:48:56   1          My thought was to inquire of the juror and assess

09:48:56   2     whether, in fact, there is some issue with her ability

09:48:56   3     to comprehend.  If there isn't, then I suspect she goes

09:48:56   4     back; and if not, then we'll deal with that.

09:48:56   5          What do you think about that approach?

09:48:56   6              MR. JUPITER:  I think I'm at least finding out

09:48:56   7     the information you should find it out.  But I think if

09:48:56   8     we have information that this was what was brought up to

09:48:56   9     the Court personnel before --

09:48:56   10             THE COURT:  Go ahead.

09:48:56   11             MR. JUPITER:  -- but if this issue was

09:48:56   12    presented, even if it was off the record, I think that

09:48:56   13    we should make a record of it in terms of what was

09:48:56   14    presented.  Even if it was off the record, I think we

09:48:56   15    should put on the record whatever was presented.

09:48:56   16         Because like I said, I wasn't privy to the

09:48:56   17    conversation.  I just thought it was -- I don't know.

09:48:56   18    So I don't know want to say, because I wasn't privy to

09:48:56   19    the conversation.

09:48:56   20         But if there was something off the record, I think

09:48:56   21    we should put it on the record, if this issue was

09:48:56   22    brought up before, before the -- and what time it was

09:48:56   23    brought up.

09:48:56   24         That's all I'm saying.  I don't know.  But I think

09:48:56   25    if it was an issue -- if this issue was brought up

09:48:56  1    before, then we should put it on the record.  If it

09:48:56  2    wasn't, then we should just say it wasn't.

09:48:56  3              THE COURT:  Okay.  All right.

09:48:56  4              MR. POTTER:  This is the first time the

09:48:56  5    government is hearing anything about this, Your Honor,

09:48:56  6    so we have no knowledge of anything that may have

09:48:56  7    occurred on or off the record during jury selection.

09:48:56  8              THE COURT:  Okay.  The key issue right now is

09:48:56  9    that there's a deliberation issue that needs to be

09:48:56  10   addressed.

09:48:56  11       I'm going to ask the juror to come.  It's Juror

09:48:56  12   Number 4.  Why don't we bring her in here.  I'll

09:48:56  13   inquire, and then we'll go from there.

09:48:56  14              MR. JUPITER:  I would request -- if she can't

09:48:56  15   speak English, I would request an interpreter, Your

09:48:56  16   Honor.

09:48:56  17              THE COURT:  We'll see.

09:48:56  18              MR. JUPITER:  Your Honor, I would ask for my

09:48:56  19   client to be present.  She is right outside.

09:48:56  20              THE COURT:  Okay.

09:48:56  21         (Pause)

09:48:56  22              THE COURT:  What we'll do, then, we'll do this

09:48:56  23   in the Court.  All right, Counsel?

09:48:56  24              MR. JUPITER:  Thank you, Your Honor.

09:48:56  25         (End of in chambers proceedings.)

```
09:48:56   1              (In court, jury not present.)
09:48:56   2                   THE COURT:  For this portion of the proceeding,
09:48:56   3        the court will be sealed; just counsel and the
09:48:56   4        defendant.
09:48:56   5           All right.  We received a jury issue.  Let me ask
09:48:56   6        the CSO to make sure this is sealed.
09:49:30   7           All right.  We received a notice.  Let me ask the
09:49:33   8        juror to come to the witness box, please.
09:50:01   9              Raise your right hand.
09:50:03  10           (Witness sworn by the judge.)
09:50:07  11                   THE JUROR:  Yes.
09:50:07  12                   THE COURT:  Okay.  Have a seat.
09:50:14  13           Good morning.
09:50:15  14                   THE JUROR:  Good morning.
09:50:16  15                   THE COURT:  Tell us your Juror Number, please.
09:50:18  16                   THE JUROR:  No Ingles.
09:50:19  17                   THE COURT:  What is your Juror Number?
09:50:24  18           Speak closer to the microphone, please.
09:50:26  19                   THE JUROR:  Huh?
09:50:27  20                   THE COURT:  Speak closer to the microphone.
09:50:31  21                   THE JUROR:  No comprendo.
09:50:37  22                   THE COURT:  Okay.  Can you tell us what your
09:50:42  23        Juror Number is, please, ma'am?
09:50:44  24                   THE JUROR:  No comprendo.
09:50:51  25                   THE COURT:  Ma'am, look this way.
```

| | | |
|---|---|---|
| 09:50:59 | 1 | Ma'am, what is your Juror Number? |
| 09:51:05 | 2 | (Juror speaking Spanish.) |
| 09:51:11 | 3 | THE COURT:  All right.  Does the government |
| 09:51:14 | 4 | wish to inquire? |
| 09:51:17 | 5 | MR. POTTER:  Not at this time, Your Honor, no. |
| 09:51:20 | 6 | THE COURT:  Does defense wish to inquire? |
| 09:51:23 | 7 | MR. JUPITER:  No, Your Honor. |
| 09:51:25 | 8 | I would request an interpreter.  I think the record |
| 09:51:29 | 9 | should reflect that when the Court asked, "What is your |
| 09:51:33 | 10 | name" -- "What is your number," the juror responded her |
| 09:51:40 | 11 | name.  And I think we do note "Juror Number" and |
| 09:51:48 | 12 | "nombre" sound most similar. |
| 09:51:49 | 13 | THE COURT:  My question is:  Do you want to |
| 09:51:50 | 14 | inquire?  Yes or no. |
| 09:51:52 | 15 | MR. JUPITER:  I would like to inquire through |
| 09:51:54 | 16 | an interpreter, Your Honor. |
| 09:51:55 | 17 | THE COURT:  Okay.  All right. |
| 09:51:58 | 18 | I don't think that will be necessary at this point. |
| 09:52:03 | 19 | All right. |
| 09:52:08 | 20 | All right.  Thank you, ma'am.  You can step down |
| 09:52:14 | 21 | now. |
| 09:52:14 | 22 | I would like the record to reflect that the juror |
| 09:52:18 | 23 | came to the box with the CSO waving her towards the box. |
| 09:52:21 | 24 | And when I said "step down," she did not respond.  What |
| 09:52:27 | 25 | she did respond to was the CSO's hand movement, |

09:52:30  1   indicating, asking her to move.

09:52:31  2       She, in the Court's view, was unresponsive to the

09:52:34  3   Court's inquiries, and not in comprehension of the

09:52:40  4   language that the Court asked the question, since

09:52:44  5   significantly that's the language of the trial.

09:52:47  6       And so the Court's inclination is to excuse this

09:52:52  7   juror and bring in the first alternate.

09:52:54  8       What's the government's position?

09:52:55  9       MR. POTTER:  The government concurs, Your

09:52:56  10  Honor.

09:52:56  11       THE COURT:  What is the defense position?

09:53:00  12       MR. JUPITER:  We move for a mistrial, Your

09:53:03  13  Honor, because we don't know at this point whether or

09:53:05  14  not any other jurors on the -- obviously, the jurors who

09:53:08  15  were selected appear to be able to speak and comprehend

09:53:11  16  English.

09:53:12  17       But in terms of the jury selection process, we

09:53:15  18  don't know whether or not there were other members of

09:53:19  19  the panel that would have affected counsel's use of

09:53:21  20  peremptory strikes, as well as use for strikes for

09:53:25  21  cause.

09:53:25  22       Obviously this witness -- this juror would have

09:53:28  23  been excused for cause, and that would have affected

09:53:31  24  counsel's choices and peremptory strikes.  And the -- I

09:53:38  25  don't know whether or not there were other jurors,

09:53:40  1    because I guess this question was not asked.

09:53:42  2         We would also ask that the Court inquire as to the

09:53:48  3    conversation between this juror and court personnel

09:53:54  4    prior to beginning of this trial.

09:53:55  5         THE COURT:  Okay.

09:53:56  6         Well, the Court's view, the juror is not capable of

09:54:02  7    communicating in English, doesn't seem to comprehend the

09:54:06  8    language, and so the Court will excuse the juror and

09:54:11  9    move the first alternate into her position.

09:54:15  10        What we'll do is we'll excuse her, bring the

09:54:17  11   alternate in right away, first alternate.  We'll bring

09:54:21  12   all the jurors in and instruct them that they need to

09:54:24  13   begin their deliberations anew.

09:54:28  14        So we can bring the first alternate, whoever that

09:54:39  15   is.

09:56:58  16             MR. JUPITER:  May I renew a motion, Your Honor?

09:57:01  17             THE COURT:  Yes.

09:57:01  18             MR. JUPITER:  If I had not done so before, I

09:57:03  19   renew my motion for judgment of acquittal pursuant to

09:57:06  20   Rule 29 of the Federal Rules of Criminal Procedure.

09:57:08  21             THE COURT:  All right.

09:57:50  22        Actually, Juror Number 4 is excused.  She can

09:58:03  23   leave.

09:58:07  24             THE COURT SECURITY OFFICER:  Should I get her

09:58:08  25   bag and --

| | | |
|---|---|---|
| 09:58:09 | 1 | THE COURT:  She can -- yeah.  You can stay out. |
| 09:58:15 | 2 | THE COURT SECURITY OFFICER:  She is going in |
| 09:58:16 | 3 | the restroom. |
| 09:58:37 | 4 | THE COURT:  Is the courtroom locked? |
| 09:58:39 | 5 | THE COURT SECURITY OFFICER:  Yes. |
| 09:58:43 | 6 | THE COURT:  That might be part of the problem. |
| 09:58:44 | 7 | They may be trying to bring the alternate through the |
| 09:58:47 | 8 | front door. |
| 09:58:52 | 9 | They wouldn't bring the alternate that way.  The |
| 09:58:54 | 10 | alternate is probably coming through the front door. |
| 09:59:03 | 11 | THE COURT SECURITY OFFICER:  Is it unsealed |
| 09:59:05 | 12 | now? |
| 09:59:05 | 13 | THE COURT:  Not yet.  But let's just -- I'll |
| 09:59:08 | 14 | deal with it if someone comes in. |
| 09:59:08 | 15 | (Pause.) |
| 10:00:03 | 16 | THE COURT:  Okay.  Bring in the jurors, please. |
| 10:00:16 | 17 | Sir, you can come in and have a seat where you were |
| 10:00:19 | 18 | sitting before. |
| 10:01:29 | 19 | (Jury present.) |
| 10:01:30 | 20 | THE COURT:  Be seated. |
| 10:01:30 | 21 | Good morning again, ladies and gentlemen. |
| 10:01:32 | 22 | If you are in the jury box now, you will be the |
| 10:01:38 | 23 | jury that will be deliberating on this case. |
| 10:01:42 | 24 | You'll note that there is one new member to your |
| 10:01:45 | 25 | group, and there is one who is not there when we started |

| | | |
|---|---|---|
| 10:01:48 | 1 | at 8:30, when you began your deliberations. |
| 10:01:54 | 2 | The law requires that you begin your deliberations |
| 10:01:59 | 3 | now with the full group that will constitute the jury. |
| 10:02:02 | 4 | So if you started something before, begin it again so |
| 10:02:04 | 5 | that the new member has the benefit of everyone's |
| 10:02:07 | 6 | thoughts and discussions.  All right. |
| 10:02:10 | 7 | So with that, let me return you to the deliberation |
| 10:02:13 | 8 | room to resume your deliberations. |
| 10:02:14 | 9 | (Jury out) |
| 10:02:49 | 10 | THE COURT:  All right.  The Court will note |
| 10:02:50 | 11 | that the courtroom was opened for that portion where the |
| 10:02:53 | 12 | Court charged the new juror and all the jurors to begin |
| 10:02:58 | 13 | their deliberations.  It was closed for the portion that |
| 10:03:02 | 14 | was addressing the juror disqualification issue. |
| 10:03:05 | 15 | All right, Counsel.  There is no seven-minute rule, |
| 10:03:08 | 16 | so please stay in the courthouse. |
| 10:03:10 | 17 | Thank you. |
| 10:44:42 | 18 | (Court in recess, 10:03 a.m.) |
| 14:13:36 | 19 | (Court in session, 2:13 p.m., jury present.) |
| 14:13:39 | 20 | JURY VERDICT |
| 14:13:39 | 21 | THE COURT:  Good afternoon, ladies and |
| 14:13:40 | 22 | gentlemen. |
| 14:13:40 | 23 | I know you've been working hard all day.  I |
| 14:13:44 | 24 | understand you've come to a conclusion. |
| 14:13:45 | 25 | Let me ask the foreperson to hand up the form, |

14:13:52  1      please.

14:13:53  2           Mrs. Brann.

14:14:16  3           (Verdict handed up.  Pause)

14:15:23  4              THE COURT:  Mrs. Brann?

14:15:24  5      All right.  Will the defendant please rise?

14:15:28  6      Madam foreperson, if you could read the jury's

14:15:32  7      verdict.  You just have to read the form as it is

14:15:35  8      written, and read your several verdicts.

14:15:53  9      You can just read as the words are written.  Just

14:15:56  10     read those.

14:15:57  11             THE FOREPERSON:  (Reading verdict:)

14:15:58  12                 As to Count 1, theft from a program

14:16:00  13                 receiving federal funds from or -- on or about

14:16:05  14                 March 7, 2010, to on or about June 30, 2010,

14:16:10  15                 as charged in the indictment, we find the

14:16:13  16                 defendant, Sherrymae Morales, not guilty.

14:16:22  17                 As to the Count -- As to Count 2, theft

14:16:29  18                 from a program receiving federal funds from on

14:16:33  19                 or about September 20th, 2010, to on or about

14:16:38  20                 July 13th, 2011, as charged in the indictment,

14:16:42  21                 we find the defendant, Sherrymae Morales, not

14:16:50  22                 guilty.

14:16:50  23                 As to Count 3, wire fraud on April 7th,

14:16:56  24                 2010, as charged in the indictment, we find

14:16:58  25                 the defendant, Sherrymae Morales, not guilty.

| | | |
|---|---|---|
| 14:17:05 | 1 | As to Count 4, wire fraud on April 21st, |
| 14:17:11 | 2 | 2010, as charged in the indictment, we find |
| 14:17:13 | 3 | the defendant, Sherrymae Morales, not guilty. |
| 14:17:17 | 4 | As to Count 5, wire fraud on May 5th, |
| 14:17:24 | 5 | 2010, as charged in the indictment, we find |
| 14:17:28 | 6 | the defendant, Sherrymae Morales, not guilty. |
| 14:17:30 | 7 | As to Count 6, wire fraud on May 19, |
| 14:17:42 | 8 | 2010, as charged in the indictment, we find |
| 14:17:43 | 9 | the defendant, Sherrymae Morales, not guilty. |
| 14:17:47 | 10 | As to Count 7, wire fraud on June 2nd, |
| 14:17:52 | 11 | 2010, as charged in the indictment, we find |
| 14:17:54 | 12 | the defendant, Sherrymae Morales, not guilty. |
| 14:17:58 | 13 | As to Count 8, wire fraud on June 16, |
| 14:18:04 | 14 | 2010, as charged in the indictment, we find |
| 14:18:06 | 15 | the defendant, Sherrymae Morales, not guilty. |
| 14:18:12 | 16 | As to Count 9, wire fraud on June 30th, |
| 14:18:18 | 17 | 2010, as charged in the indictment, we find |
| 14:18:20 | 18 | the defendant, Sherrymae Morales, not guilty. |
| 14:18:26 | 19 | As to Count 10, wire fraud on July 14, |
| 14:18:32 | 20 | 2010, as charged in the indictment, we find |
| 14:18:34 | 21 | the defendant, Sherrymae Morales, not guilty. |
| 14:18:38 | 22 | As to Count 11, wire fraud on July 28, |
| 14:18:44 | 23 | 2010, as charged in the indictment, we find |
| 14:18:46 | 24 | the defendant, Sherrymae Morales, not guilty. |
| 14:18:50 | 25 | As to Count 12, wire fraud on August 11, |

| | | |
|---|---|---|
| 14:18:55 | 1 | 2010, as charged in the indictment, we find |
| 14:18:57 | 2 | the defendant, Sherrymae Morales, not guilty. |
| 14:19:01 | 3 | As to Count 13, wire fraud on |
| 14:19:05 | 4 | August 25th, 2010, as charged in the |
| 14:19:09 | 5 | indictment, we find the defendant, Sherrymae |
| 14:19:12 | 6 | Morales, not guilty. |
| 14:19:15 | 7 | As to Count 14, wire fraud on |
| 14:19:19 | 8 | September 8th, 2010, as charged in the |
| 14:19:22 | 9 | indictment, we find the defendant, Sherrymae |
| 14:19:26 | 10 | Morales, not guilty. |
| 14:19:26 | 11 | As to Count 15, wire fraud on |
| 14:19:33 | 12 | September 22nd, 2010, as charged in the |
| 14:19:36 | 13 | indictment, we find the defendant, Sherrymae |
| 14:19:39 | 14 | Morales, guilty. |
| 14:19:42 | 15 | As to Count 16, wire fraud on |
| 14:19:45 | 16 | October 6th, 2010, as charged in the |
| 14:19:49 | 17 | indictment, we find the defendant, Sherrymae |
| 14:19:52 | 18 | Morales, guilty. |
| 14:19:54 | 19 | As to Count 17, wire fraud on |
| 14:19:58 | 20 | October 20th, 2010, as charged in the |
| 14:20:01 | 21 | indictment, we find the defendant, Sherrymae |
| 14:20:04 | 22 | Morales, guilty. |
| 14:20:07 | 23 | As to Count 18, wire fraud on |
| 14:20:10 | 24 | November 3rd, 2010, as charged in the |
| 14:20:14 | 25 | indictment, we find the defendant, |

| | | |
|---|---|---|
| 14:20:16 | 1 | Sherrymae Morales, guilty. |
| 14:20:19 | 2 | As to Count 19, wire fraud on |
| 14:20:22 | 3 | November 17th, 2010, as charged in the |
| 14:20:25 | 4 | indictment, we find the defendant, Sherrymae |
| 14:20:28 | 5 | Morales, guilty. |
| 14:20:28 | 6 | As to Count 20, wire fraud on |
| 14:20:33 | 7 | December 1st, 2010, as charged in the |
| 14:20:36 | 8 | indictment, we find the defendant, Sherrymae |
| 14:20:40 | 9 | Morales, guilty. |
| 14:20:41 | 10 | As to Count 21, wire fraud on |
| 14:20:46 | 11 | December 15th, 2010, as charged in the |
| 14:20:49 | 12 | indictment, we find the defendant, Sherrymae |
| 14:20:52 | 13 | Morales, guilty. |
| 14:20:53 | 14 | As to Count 22, wire fraud on |
| 14:20:59 | 15 | December 29th, 2010, as charged in the |
| 14:21:02 | 16 | indictment, we find the defendant, Sherrymae |
| 14:21:06 | 17 | Morales, guilty. |
| 14:21:07 | 18 | As to Count 23, wire fraud on |
| 14:21:10 | 19 | January 12th, 2011, as charged in the |
| 14:21:14 | 20 | indictment, we find the defendant, Sherrymae |
| 14:21:17 | 21 | Morales, guilty. |
| 14:21:19 | 22 | As to Count 24, wire fraud on January 26, |
| 14:21:25 | 23 | 2011, as charged in the indictment, we find |
| 14:21:27 | 24 | the defendant, Sherrymae Morales, guilty. |
| 14:21:29 | 25 | As to Count 25, wire fraud on |

14:21:34  1    February 9th, 2011, as charged in the

14:21:37  2    indictment, we find the defendant, Sherrymae

14:21:41  3    Morales, guilty.

14:21:41  4        As to Count 26, wire fraud on

14:21:46  5    February 23rd, 2011, as charged in the

14:21:49  6    indictment, we find the defendant, Sherrymae

14:21:52  7    Morales, guilty.

14:21:54  8        As to Count 27, wire fraud on March 9th,

14:22:00  9    2011, as charged in the indictment, we find

14:22:02  10   the defendant, Sherrymae Morales, guilty.

14:22:05  11       As to Count 28, wire fraud on March 23rd,

14:22:12  12   2011, as charged in the indictment, we find

14:22:13  13   the defendant, Sherrymae Morales, guilty.

14:22:17  14       As to Count 29, wire fraud on April 6,

14:22:24  15   2011, as charged in the indictment, we find

14:22:27  16   the defendant, Sherrymae Morales, guilty.

14:22:31  17       As to Count 30, wire fraud on April 20th,

14:22:37  18   2011, as charged in the indictment, we find

14:22:39  19   the defendant, Sherrymae Morales, guilty.

14:22:43  20       As to Count 31, wire fraud on May 4th,

14:22:49  21   2011, as charged in the indictment, we find

14:22:52  22   the defendant, Sherrymae Morales, guilty.

14:22:54  23       As to Count 32, wire fraud on May 18,

14:23:00  24   2011, as charged in the indictment, we find

14:23:03  25   the defendant, Sherrymae Morales, guilty.

| | | |
|---|---|---|
| 14:23:06 | 1 | As to Count 33, wire fraud on June 1st, |
| 14:23:13 | 2 | 2011, as charged in the indictment, we find |
| 14:23:15 | 3 | the defendant, Sherrymae Morales, guilty. |
| 14:23:20 | 4 | As to Count 34, wire fraud on June 15, |
| 14:23:26 | 5 | 2011, as charged in the indictment, we find |
| 14:23:28 | 6 | the defendant, Sherrymae Morales, guilty. |
| 14:23:33 | 7 | As to Count 35, wire fraud on June 29th, |
| 14:23:38 | 8 | 2011, as charged in the indictment, we find |
| 14:23:40 | 9 | the defendant, Sherrymae Morales, guilty. |
| 14:23:45 | 10 | As to Count 36, wire fraud on July 13, |
| 14:23:51 | 11 | 2011, as charged in the indictment, we find |
| 14:23:53 | 12 | the defendant, Sherrymae Morales, not guilty. |
| 14:24:01 | 13 | THE COURT:  Madam Foreperson, thank you. |
| 14:24:19 | 14 | MR. JUPITER:  Request polling, Your Honor. |
| 14:24:21 | 15 | THE COURT:  All right. |
| 14:24:22 | 16 | Mrs. Brann? |
| 14:24:34 | 17 | THE CLERK:  Jurors, you have heard the |
| 14:24:36 | 18 | foreperson announce the unanimous jury verdict.  I will |
| 14:24:41 | 19 | now ask you individually, is this your independent |
| 14:24:43 | 20 | verdict. |
| 14:24:43 | 21 | As I call your seat number, please stand. |
| 14:24:47 | 22 | Seat 1, is this your independent verdict? |
| 14:24:52 | 23 | THE JUROR:  Yes. |
| 14:24:54 | 24 | THE CLERK:  Seat 2, is this your independent |
| 14:24:55 | 25 | verdict? |

| | | |
|---|---|---|
| 14:24:56 | 1 | THE JUROR:  Yes. |
| 14:24:57 | 2 | THE CLERK:  Seat 3, is this your independent |
| 14:24:59 | 3 | verdict? |
| 14:25:00 | 4 | THE JUROR:  Yes. |
| 14:25:02 | 5 | THE CLERK:  Seat 4, is this your independent |
| 14:25:04 | 6 | verdict? |
| 14:25:10 | 7 | THE JUROR:  Yes. |
| 14:25:11 | 8 | THE CLERK:  Seat 5, is this your independent |
| 14:25:13 | 9 | verdict? |
| 14:25:14 | 10 | THE JUROR:  Yes. |
| 14:25:14 | 11 | THE CLERK:  Seat 6, is this your independent |
| 14:25:16 | 12 | verdict? |
| 14:25:20 | 13 | THE JUROR:  Yes. |
| 14:25:21 | 14 | THE CLERK:  Seat 7, is this your independent |
| 14:25:23 | 15 | verdict? |
| 14:25:24 | 16 | THE JUROR:  Yes. |
| 14:25:25 | 17 | THE CLERK:  Seat 8, is this your independent |
| 14:25:26 | 18 | verdict? |
| 14:25:27 | 19 | THE JUROR:  Yes. |
| 14:25:28 | 20 | THE CLERK:  Seat 9, is this your independent |
| 14:25:30 | 21 | verdict? |
| 14:25:33 | 22 | THE JUROR:  Yes. |
| 14:25:34 | 23 | THE CLERK:  Seat 10, is this your independent |
| 14:25:37 | 24 | verdict? |
| 14:25:44 | 25 | THE JUROR:  Yes. |

| | | |
|---|---|---|
| 14:25:45 | 1 | THE CLERK:  Seat 11, is this your independent |
| 14:25:48 | 2 | verdict? |
| 14:25:49 | 3 | THE JUROR:  Yes. |
| 14:25:51 | 4 | THE CLERK:  Seat 12, is this your independent |
| 14:25:53 | 5 | verdict? |
| 14:25:53 | 6 | THE JUROR:  Yes. |
| 14:25:55 | 7 | THE CLERK:  Judge, the jury has been polled. |
| 14:25:57 | 8 | THE COURT:  All right.  Thank you, Mrs. Brann. |
| 14:25:59 | 9 | The defendant can have a seat. |
| 14:26:02 | 10 | Ladies and gentlemen, let me thank you for your |
| 14:26:03 | 11 | service. |
| 14:26:04 | 12 | I know it is never easy serving as a juror.  When |
| 14:26:07 | 13 | you do serve, you serve your community, this court, the |
| 14:26:12 | 14 | country.  You do something that is very important.  We |
| 14:26:15 | 15 | could not function in the criminal justice system |
| 14:26:20 | 16 | without you.  You are that important. |
| 14:26:21 | 17 | So I thank you for your service.  I know the |
| 14:26:24 | 18 | government thanks you.  I know defense thanks you for |
| 14:26:27 | 19 | your service. |
| 14:26:28 | 20 | So with that, let me wish you a pleasant day and a |
| 14:26:31 | 21 | pleasant evening.  Thank you. |
| 14:27:05 | 22 | (Jury not present.) |
| 14:27:08 | 23 | FURTHER PROCEEDINGS |
| 14:27:08 | 24 | THE COURT:  All right, Counsel. |
| 14:28:14 | 25 | Okay.  Will the defendant rise. |

14:28:17    1          Ms. Morales, you've been found guilty by the jury.

14:28:19    2    Before you are sentenced, the Probation Office needs to

14:28:24    3    undertake a presentence investigation.   The presentence

14:28:29    4    investigation will be disclosed to all parties on

14:28:32    5    April 10th, 2015.

14:28:34    6          Presentence conference will take place no later

14:28:37    7    than August 24th, 2015.

14:28:40    8          The position of the parties with respect to

14:28:42    9    sentencing should be shared no later than September 1,

14:28:49   10    2015.

14:28:50   11          The conference regarding sentencing proceedings, if

14:28:52   12    necessary, will take place no later than September 15,

14:28:57   13    2015.

14:28:57   14          The final Presentence Report will be disclosed to

14:29:00   15    all parties of the court on September 20th, 2015.

14:29:05   16          And the sentencing hearing will take place on

14:29:09   17    October 20th, 2015, at 9:00 a.m.

14:29:15   18          My inclination is that that hearing will take place

14:29:21   19    in St. Thomas, as I think some of the considerations

14:29:23   20    that caused us to have the trial in St. Croix will not

14:29:27   21    be attendant for the sentencing hearing.

14:29:30   22          All right.   Between now and then, what's the

14:29:36   23    government's position with respect to remand, now that

14:29:40   24    the defendant is adjudged guilty of those counts?

14:29:43   25               MR. POTTER:   Your Honor, the government has no

14:29:48    1    position on remand.

14:29:51    2              THE COURT:  All right.  I'm going to have the

14:29:53    3    defendant surrender to the U.S. Marshal's Service --

14:29:57    4    today is the 1st -- July the 15th, 2015, at 3:00 p.m.

14:30:08    5        That will be in the -- this is a St. Thomas case.

14:30:14    6    Is St. Thomas a more convenient place, or St. Croix a

14:30:18    7    more convenient place, Attorney Jupiter?

14:30:22    8              MR. JUPITER:  St. Croix, Your Honor.

14:30:23    9              THE COURT:  All right.  The defendant will

14:30:25   10    surrender to the United States Marshal's Service on

14:30:28   11    July 15, 2015, at no later than 3:00 p.m., and the

14:30:33   12    defendant will be remanded from that period until the

14:30:35   13    date of sentencing, pending her sentencing, in the

14:30:40   14    custody of the United States Marshal's Service.

14:30:42   15        All right.  Counsel, I think that wraps up this

14:30:45   16    case and all the matters we need to tend to.

14:30:50   17        Let me thank counsel for a well-tried case.  All

14:30:53   18    right.  Thank you, Counsel.

14:30:55   19        (Court in recess, 2:30 p.m.)

14:30:55   20

           21                          ---

           22

           23

           24

           25

1

2

3                          CERTIFICATE

4

5              This document is hereby certified

6            to be a true and accurate transcript

7              of the foregoing proceedings.

8

9

10    /s_____    _____
                    Chandra Kean, RMR            DATE
11              Official Court Reporter

12

13

14

15

16

17

18

19

20

21

22

23

24

25